UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KERRY R. PORTER                                                                                          PLAINTIFF

v.                                                                                                       NO. 3:06-CV-231-H

COMMONWEALTH OF KENTUCKY                                                                                 DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Kerry R. Porter, who is a state prisoner proceeding *pro se*, seeks a declaration of rights under 28 U.S.C. § 2201.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  The Court will dismiss the complaint because under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), the claim lies exclusively within the Court's habeas corpus jurisdiction.

In this complaint, Plaintiff attacks the validity of a murder conviction on the ground that his appellate counsel provided ineffective assistance by failing to raise issues on appeal in accordance with his client's instructions.  Plaintiff maintains he is actually innocent of the murder and complains he has no state remedy for ineffective assistance of appellate counsel.  *See Hicks v. Commonwealth*, 825 S.W.2d 280 (Ky. 1992)  (holding a claim of ineffective assistance of appellate counsel may not be presented in a post-conviction motion for relief from judgment under Rule 11.42 of the Kentucky Rules of Criminal Procedure).  It is not clear whether Plaintiff has sought post-conviction relief in state court since the Supreme Court of Kentucky affirmed the conviction on October 21, 1999.  He has not sought federal habeas relief.  Here, Plaintiff seeks a judgment declaring his right to a second appeal or other state remedy for the alleged ineffective assistance of appellate counsel.

Claims of ineffective assistance of appellate counsel may be presented to the Kentucky court of appeals by way of a motion seeking reinstatement of the appeal. *Hicks*, 825 S.W.2d at 281; *Thompson v. Commonwealth*, 736 S.W.2d 319, 321-22 (Ky. 1987). To the extent Plaintiff alleges his conviction is constitutionally infirm because he has been constructively denied a right of appeal, see *Evitts v. Lucey*, 469 U.S. 387 (1985), his complaint necessarily implies the invalidity of the conviction; thus, his sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477 (1994) ; *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Therefore by separate order, the Court will dismiss the complaint without prejudice.

Dated:

cc: Petitioner, *pro se*

4412.007